# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

CIVIL NO. _____

SERGIO ALTAMIRANO, Individually
and On Behalf of All Others Similarly
Situated,

**Plaintiff,**

V.

ECHOSPHERE L.L.C.; ECHOSTAR
SATELLITE PRODS., INC.; DISH
NETWORK L.L.C.; and DISH
NETWORK SERV. L.L.C.

**Defendants.**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION & JURY DEMAND

Now comes Plaintiff Sergio Altamirano, individually and on behalf of all others similarly situated, against Defendants Echosphere L.L.C., Echostar Satellite Productions, DISH Network L.L.C., and DISH Network Service L.L.C. (collectively "Defendants") and alleges the following:

### SUMMARY

1. Plaintiff is a non-exempt former employee of Defendants who worked more than forty (40) hours in a workweek as an inside sales associate. Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week; however, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all

hours over forty. Furthermore, Defendants failed to compensate Plaintiff at the federally and/or state mandated minimum wage rate.

2. Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. § 207(a). Furthermore, Plaintiff was not compensated at the FLSA required minimum wage rate. 29 U.S.C. § 206.

3. Defendants likewise do not pay proper overtime and/or minimum wage to other similarly situated workers throughout the United States. Plaintiff brings a collective action to recover unpaid overtime compensation and minimum wage owed to him and on behalf of all other similarly situated employees, current and former, who worked for Defendants throughout the United States at any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Sergio Altamirano is an individual residing in El Paso County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A." During the relevant period, said Plaintiff was employed by Defendant as an inside sales associate.

5. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

6. Defendant Echosphere L.L.C. is a domestic limited liability company. Said Defendant may be served with process by serving its registered agent as follows: R. Stanton Dodge, P.O. Box 6663, Englewood, Colorado 80155. Said Defendant's registered agent may also be served at the Defendant's principal place of business as follows: R. Stanton Dodge, 9601 South Meridian Boulevard, Englewood, Colorado 80112.

7.  Defendant Echostar Satellite Productions is a domestic limited liability company. Said Defendant may be served with process by serving its registered agent as follows: R. Stanton Dodge, P.O. Box 6663, Englewood, Colorado 80155. Said Defendant's registered agent may also be served at the Defendant's principal place of business as follows: R. Stanton Dodge, 9601 South Meridian Boulevard, Englewood, Colorado 80112.

8.  Defendant DISH Network L.L.C. is a domestic limited liability company. Said Defendant may be served with process by serving its registered agent as follows: R. Stanton Dodge, P.O. Box 6663, Englewood, Colorado 80155. Said Defendant's registered agent may also be served at the Defendant's principal place of business as follows: R. Stanton Dodge, 9601 South Meridian Boulevard, Englewood, Colorado 80112.

9.  Defendant DISH Network Service L.L.C. is a domestic limited liability company. Said Defendant may be served with process by serving its registered agent as follows: R. Stanton Dodge, P.O. Box 6663, Englewood, Colorado 80155. Said Defendant's registered agent may also be served at the Defendant's principal place of business as follows: R. Stanton Dodge, 9601 South Meridian Boulevard, Englewood, Colorado 80112.

**SUBJECT MATTER JURISDICTION AND VENUE**

10.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.  Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(d) because Defendant resides in the District of Colorado, has operations in the District of Colorado.

**COVERAGE**

12.  At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been an enterprises or businesses that sell or offer for sale services to the consuming public.

14. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. At all material times, Plaintiff and FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

17. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

18. Defendants represent themselves to the general public as one company—Dish Network—operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. Defendants provide the same service product to their customers by using a set formula when conducting their business. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

19. Additionally, Defendants are subject to common control and management.

20. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

21. Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff and FLSA Class Members.

22. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

23. Defendants controlled the hours to be worked by Plaintiff and FLSA Class Members.

24. Defendants had a common business purpose to provide sales, distribution, installation, and satellite television services to their customers.

25. Defendants' operations were unified and Defendants shared control over the work of Plaintiff and FLSA Class Members.  Thus, Defendants are each directly liable for the violations in this case.

## **FACTS**

26. Defendants provide sales, distribution, installation, and satellite television services throughout the United States.

27. Defendants employed Plaintiff and FLSA Class Members to perform these services.

28. Inside sales associates are employees who communicate with potential customers and perform sales and distribution duties for satellite television receiver systems and satellite television services.

29. Plaintiff and FLSA Class Members are not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

30. During the relevant time period, Defendants compensated Plaintiff and FLSA Class Members pursuant to the "fluctuating work week" ("FWW") method.

31. However, Defendants improperly implemented the FWW method of pay.

32. Because Defendants did not comply with the law, Plaintiff was paid at a rate less than what the law requires and thus, they are owed significant damages.

33. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay (the "half time" premium) for any hours worked over 40 as opposed to paying the employees 1 and ½ times their regular rates of pay.

34. Under the FLSA, Section 778.114 is the regulation governing the FWW method of pay.  Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

35. Thus, to utilize the FWW method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

6

>    (4) for every hour worked, and
>
>    (5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

36. During the relevant time period, Defendants paid Plaintiff and FLSA Class Members supplementary payments and bonuses in addition to their regular salary.

37. The amount of the supplementary payments and bonuses that Plaintiff and FLSA Class Members received varied from week to week.

38. Consequently, the gross amounts that Plaintiff and FLSA Class Members, received each week were not fixed, as the law requires.

39. Additionally, the supplementary payments and bonuses were not factored into the regular rates of pay for the Plaintiff and the FLSA Class Members.

40. Thus, Plaintiff and FLSA Class Members were paid overtime at rates less than what is mandated under the FWW.

41. Further, Defendants made deductions from the pay of Plaintiff and FLSA Class Members that were impermissible under the FWW method.

42. Salary paid to Plaintiff and FLSA Class Members were not sufficient to compensate them at the minimum wage rate for all hours worked.

43. Moreover, Defendants violated the law because there was no clear and mutual understanding reached between Plaintiff, the FLSA Class Members, and Defendants; there were weeks when Plaintiff's and the FLSA Class Members' pay fell below that applicable minimum wage rate; and the compensation provided Plaintiff and the FLSA Class Members was at a rate less than the applicable overtime rate for every hour worked over forty in a workweek.

44. Given that Defendants improperly implemented the FWW method, Plaintiff and FLSA Class Members were denied overtime at the rates mandated under the FLSA.

45. Specifically, Plaintiff and FLSA Class Members received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

46. Defendants' method of paying Plaintiff and FLSA Class Members was in violation of the FLSA, and was willful and not based on a good faith and reasonable belief that their conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS
### (FLSA Class Members)

47. Plaintiff has knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other employees of Defendants who were paid pursuant to the FWW method that fails to comply with the law.

48. Other employees similarly situated to Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

49. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

50. The FLSA Class Members perform or have performed the same or similar work as Plaintiff.

51. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

52. FLSA Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

53. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

54. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

55. The experience of the Plaintiff, with respect to his pay, is typical of the experiences of the FLSA Class Members.

56. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

57. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

58. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

59. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

60. As such, Plaintiff brings his FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **All current and former employees who were paid for at least one week under the fluctuating workweek method of pay during the three year period prior to the filing of this complaint to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207
### (COLLECTIVE ACTION)

61. Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

62. Defendants' practice of failing to pay Plaintiff and FLSA Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

63. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and FLSA Class Members.

### COUNT TWO:  VIOLATION OF 29 U.S.C. § 206
### (COLLECTIVE ACTION)

64. Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

65. Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

66. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff and FLSA Class Members.

## WAGE DAMAGES SOUGHT

67. Plaintiff and FLSA Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

68. Plaintiff and FLSA Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 U.S.C. § 216(b).

69. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

## JURY DEMAND

70. Plaintiff and FLSA Class Members hereby demand trial by jury on all issues.

## PRAYER FOR RELIEF

71. For these reasons, Plaintiff and FLSA Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a) Unpaid minimum wages for all hours worked in a workweek;

b) Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c) An equal amount of unpaid wages as liquidated damages as required under the FLSA;

d) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

e) An order requiring Defendants to correct their pay practices going forward; and

f) Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty

11

                                dfoty@kennedyhodges.com
                                Texas State Bar No. 24050022
                                711 W. Alabama St.
                                Houston, TX 77006
                                Telephone: (713) 523-0001
                                Facsimile: (713) 523-1116

                                LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
                                CLASS MEMBERS

OF COUNSEL:
Galvin B. Kennedy
Gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116